File #9501-8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL RAILROAD** | : | **CIVIL ACTION** |
| **PASSENGER CORPORATION, t/a Amtrak** | : | |
| **60 Massachusetts Avenue, N.E.** | : | |
| **Washington, D.C. 20002** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ASPLUNDH TREE EXPERT COMPANY** | : | |
| **708 Blair Mill Road** | : | |
| **Willow Grove, PA 19090** | : | **No.** |

**CIVIL ACTION COMPLAINT**

1.   Plaintiff is National Railroad Passenger Corporation, t/a Amtrak. National Railroad Passenger Corporation is a corporation created by Act of Congress and operating under the business laws of the District of Columbia. The principle place of business of the plaintiff is 60 Massachusetts Avenue, N.E., Washington, D.C. 20002.

2.   Defendant is Asplundh Tree Expert Company, a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and maintaining its principle place of business at 708 Blair Mill Road, Willow Grove, PA 19090.

3.   The damages at issue are in excess of $75,000 exclusive of costs. This is a matter to be submitted to arbitration.

4.   The plaintiff, National Railroad Passenger Corporation t/a Amtrak is a corporation created by an Act of Congress pursuant to 45 U.S.C. §541, et seq., as codified at 49 U.S.C. §24301 et seq. and is subject to the laws of the District of Columbia to the extent said laws do not conflict with the Act which created the corporation.

5. Jurisdiction is founded on the basis of diversity of the citizenship of the parties and also upon federal question jurisdiction inasmuch as the plaintiff is a creation of the United States government and more than 50 of the capital stock of the plaintiff is owned by the federal government.

6. The plaintiff is in the business of operating a national railroad, providing passenger transportation along the northeast corridor and throughout the United States. The train service in the northeast corridor from Washington, D.C. to Boston is provided by electrical power carried by overhead power lines.

7. On or about June 7, 2001 defendant Asplundh Tree Expert Company was performing work on power lines owned by a municipal power company in an area south of Bowie, Maryland between New Carrrollton and BWI train stations. The exact location was milepost 123.2, 3.8 miles north of New Carrollton Station.

8. At the time and place referred to above agents, servants and employees of the defendant caused a power line to fall across the catenary electrical supply lines of the plaintiff. The actions of the agents of the defendant were the result of negligence and constituted a trespass upon the property of the plaintiff.

9. As a direct result of the negligence of the defendant a short circuit occurred resulting in deenergization of all catenary lines and causing damages to the catenary lines and messengers on tracks number 1, 2 and 3 at milepost 123.2.

10. In addition to the direct physical damage to the Amtrak power supply equipment and lines, the electrical outage caused substantial and foreseeable losses to Amtrak in revenues due to train delays, reimbursement of fairs and other reasonable and foreseeable expenses.

11. The total revenue loss due to the negligence of the defendant total $94,120.14. This figure is composed of direct labor and material charges for repair of the lines with benefits, overtime and other administrative expenses associated therewith, loss of revenue due to the train delays and customer reimbursements for service guarantee payments.

WHEREFORE, plaintiff demands judgement in its favor against the defendant Asplundh Tree Expert Company in the amount of $94,120.14.

                HOHN & SCHEUERLE

BY: _____
     RICHARD K. HOHN, ESQUIRE
     Attorney for Plaintiff

     1835 Market Street, Suite 2901
     Eleven Penn Center
     Philadelphia, PA 19103
     (215) 496-9995