COURT FILING

## LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY
SUITE 1000, 510 WALNUT STREET
PENN MUTUAL TOWER
PHILADELPHIA, PENNSYLVANIA 19106
(215) 627-0303

| | | | |
|---|---|---|---|
| ☐ City Hall | | Date | June 28, 2002 |
| x District Court | U.S. Clerk of Eastern District Court | Attorney | SEM |
| ☐ Other | | Return To | SEM-Alice Casey |

| | |
|---|---|
| Case Name | NATIONAL RAILROAD PASSENGER CORPORATION, t/a AMTRAK v. ASPLUNDH TREE EXPERT CO. |
| Court Term & Number | Civil Action, No. 02-3034 |
| Document | Defendant's Answer With Affirmative Defenses of Defendant, Asplundh Tree Expert Co. to Plaintiff's Complaint. |
| Instructions | File original and return time stamped copy |
| File No. | 0550-11671 |
| Filed | |
| Check No. | |
| Amount | |

If unable to complete, call   aca     Ext.  7621

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, t/a AMTRAK | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | NO. 02-3034 |
| ASPLUNDH TREE EXPERT COMPANY | : | |
| | : | |
| Defendant | : | **JURY TRIAL DEMANDED** |

**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT, ASPLUNDH TREE EXPERT CO. (INCORRECTLY IDENTIFIED AS ASPLUNDH TREE EXPERT COMPANY) (ASPLUNDH) TO PLAINTIFF'S COMPLAINT**

1. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

2. Admitted.

3. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

4. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

5. Denied.

6. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

7. Denied as stated. It is generally admitted on or about June 7, 2001, Asplundh was performing work on utility poles owned by Baltimore Gas and Electric, a municipal power company, in Glendale, Maryland. To the extent plaintiff has raised additional factual averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth of those averments, hence, they are deemed denied, with strict proof demanded thereof at time of trial.

8. Denied. By way of further response, it is specifically denied Asplundh caused a power line to fall across the catenary electrical supply lines of the plaintiff. Asplundh also specifically denies it was negligent or trespassed upon the property of the plaintiff at any time.

9. Denied. To the extent plaintiff has raised factual averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

10. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

11. Denied. To the extent plaintiff has raised factual averments, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments raised in this paragraph of the Complaint, hence, they are deemed denied with strict proof demanded thereof at the time of trial.

WHEREFORE, defendant, Asplundh, demands judgment in its favor together with costs and attorney's fees.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY • ATTORNEYS AT LAW

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against answering defendant.

### SECOND DEFENSE

The incident described in plaintiff's Complaint may have been caused or contributed to by the negligence of the plaintiff.

### THIRD DEFENSE

Plaintiff may have assumed the risk of its activities.

### FOURTH DEFENSE

The negligent acts or omissions of other individuals and/or entities may have constituted an intervening, superseding cause of the injuries and/or damages alleged to have been sustained by the plaintiff.

### FIFTH DEFENSE

The damages alleged to have been sustained by the plaintiff were not proximately caused by the answering defendant.

### SIXTH DEFENSE

Plaintiff's cause of action may be barred in whole or in part by the applicable statute of limitation.

### SEVENTH DEFENSE

The accident complained of in plaintiff's Complaint may have been caused or contributed to by others over whom answering defendant had no control and for whom it is not responsible.

## EIGHTH DEFENSE

The accident complained of in plaintiff's Complaint may have been caused or contributed to by conditions over which the answering defendant had no control and for which it is not responsible.

## NINTH DEFENSE

Plaintiff's cause of action may be barred in whole or in part by the applicable Statute of Repose.

## TENTH DEFENSE

Answering defendant hereby reserves the right upon completion of its investigation and discovery to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate pursuant to the applicable rules and law.

WHEREFORE, defendant, Asplundh, demands judgment in its favor together with costs and attorney's fees.

LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY

Date:  By:_____
Basil A. DiSipio, Esquire
Stephen E. Moore, Esquire
Attorneys for Defendant,
Asplundh Tree Expert Co.

IN THE EASTERN DISTRICT OF PENNSYLVANIA
UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION, t/a AMTRAK | : | CIVIL ACTION |
| Plaintiff | : | NO. 02-3034 |
| v. | : | |
| ASPLUNDH TREE EXPERT COMPANY | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

### CERTIFICATE OF SERVICE

AND NOW COMES, Stephen E. Moore, Esquire, Counsel for Asplundh Tree Expert Co. hereby certifies that a copy of the Answer With Affirmative Defenses of Defendant to Plaintiff's Complaint was served on the person identified below by First Class Mail on June 28, 2002..

Richard K. Hohn, Esquire
Hohn & Scheuerle
Eleven Penn Center
1835 Market Street
Suite 2901
Philadelphia, PA 19103

Respectfully submitted,
**LAVIN, COLEMAN, O'NEIL, RICCI**
**FINARELLI & GRAY**

By:_____
Stephen E. Moore, Esquire
Suite 1000, 510 Walnut Street
Philadelphia, PA 19106
Telephone:   (215) 351-7545
Attorney for Defendant,
Asplundh Tree Expert Co.