File #9501-8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL RAILROAD** | : | **CIVIL ACTION** |
| **PASSENGER CORPORATION, t/a Amtrak** | : | |
| **60 Massachusetts Avenue, N.E.** | : | |
| **Washington, D.C. 20002** | : | |
| | : | **No.** 02-3034 |
| v. | : | |
| | : | |
| **ASPLUNDH TREE EXPERT COMPANY** | : | |
| **708 Blair Mill Road** | : | |
| **Willow Grove, PA 19090** | : | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW, this _____ day of _____, 2002 upon consideration of Plaintiff, National Railroad Passenger Corporation, t/a Amtrak's Reply to Defendant, Asplundh Tree Expert Company's Motion to Transfer Venue it is hereby ORDERED and DECREED that Defendant, Asplundh Tree Expert Company's Motion to Transfer Venue is DENIED. It is further ORDERED that this action will remain in the United States District Court for the Eastern District of Pennsylvania.

BY THE COURT:

_____
J.

File #9501-8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL RAILROAD** : | **CIVIL ACTION** |
| **PASSENGER CORPORATION, t/a Amtrak** : | |
| **60 Massachusetts Avenue, N.E.** : | |
| **Washington, D.C. 20002** : | |
| : | **No.** 02-3034 |
| **v.** : | |
| : | |
| **ASPLUNDH TREE EXPERT COMPANY** : | |
| **708 Blair Mill Road** : | |
| **Willow Grove, PA 19090** : | **JURY TRIAL DEMANDED** |

**PLAINTIFF, NATIONAL RAILROAD PASSENGER CORPORATION, t/a AMTRAK'S REPLY TO DEFENDANT, ASPLUNDH TREE EXPERT COMPANY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

Plaintiff, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak") by and through counsel Hohn & Scheuerle responds to Defendant, Asplundh Tree Expert Company's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) as follows:

1. Admitted in part; denied in part. It is admitted to the extent that the document attached to Defendant, Asplundh Tree Expert Company's Motion to Transfer Venue is Plaintiff's Complaint. It is denied that Plaintiff is only alleging property damage. In addition to the direct physical damage to the Amtrak power supply equipment and lines, the electrical outage caused substantial and foreseeable losses to Amtrak in revenues due to train delays, reimbursement of fares and other reasonable and foreseeable expenses. The total revenue loss due to the negligence of the defendant total $94,120.14. This figure is composed of direct labor and material charges for repair of the lines with benefits, overtime and other administrative expenses associated therewith, loss of revenue due to the train delays and customer reimbursements for service guarantee payments.

2. Admitted.

3. Admitted.

4.	It is admitted that on June 7, 2001 defendant Asplundh Tree Expert Company was performing work on power lines owned by a municipal power company in an area south of Bowie, Maryland between New Carrrollton and BWI train stations. The exact location was milepost 123.2, 3.8 miles north of New Carrollton Station.

5.	Admitted. It is admitted that on June 7, 2001 defendant Asplundh Tree Expert Company was performing work on power lines and caused a power line to fall across the catenary electrical supply lines of the plaintiff. It is specifically admitted that as a direct result of the negligence of the defendant, a short circuit occurred resulting in deenergization of all catenary lines and causing damages to the catenary lines and messengers on tracks number 1, 2 and 3 at milepost 123.2. Plaintiff's damages include the direct physical damage to the Amtrak power supply equipment and lines, the electrical outage caused substantial and foreseeable losses to Amtrak in revenues due to train delays, reimbursement of fares and other reasonable and foreseeable expenses.

The total revenue loss due to the negligence of the defendant total $94,120.14. This figure is composed of direct labor and material charges for repair of the lines with benefits, overtime and other administrative expenses associated therewith, loss of revenue due to the train delays and customer reimbursements for service guarantee payments.

6.	It is admitted that Defendant quoted 28 U.S.C. § 1404(a).

7.	Denied. It is denied that the United States District Court for the District of Maryland is the more appropriate forum. As set forth below and in Plaintiff's accompanying Memorandum of Law, the United States District Court for the Eastern District of Pennsylvania is the more appropriate forum. "In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and whether the balance of convenience clearly weighs in favor of transfer." National Paintball Supply, Inc. v. Cossios, 996 F.Supp. 459, 463 (E.D. P.a. 1998); see also Watt v. Consolidated Rail Corp., 1997 WL 288607 (E.D. P.a. 1997). Further, motions to transfer venue, "are not to be liberally granted as the plaintiff's choice of venue is not to be lightly disturbed." National Paintable Supply, Inc. v. Cossios, 996 F. Supp. at 462; see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 101 L.Ed.2d (1988).

In determining the convenience, this Court should consider that both parties conduct business in Pennsylvania. Plaintiff, Amtrak is located at 30th Street Station in Philadelphia, Pennsylvania. Amtrak's regional headquarters is located in Philadelphia and is responsible for overseeing claims management and claims services for the region. The State of Maryland falls within the agency of Amtrak's Philadelphia regional headquarters.

Defendant, Asplundh Tree Expert Company, is a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and maintaining its principle place of business at 708 Blair Mill Road, Willow Grove, Pennsylvania. This is confirmed by Defendant's acceptance of service of process of Plaintiff's Complaint in Pennsylvania. See copy of Return of Service attached hereto as Exhibit "A." Based on the above, the balance of convenience weighs in favor of retaining this action in the Eastern District of Pennsylvania and transfer is not warranted.

8.    Denied. See previous paragraphs as set forth in this Answer.

9.    It is admitted that the subject wire is not in possession of Plaintiff.

10.    Plaintiff has no knowledge regarding the identities of the Defendant's engineering experts. By way of further answer, it would not be inconvenient for the parties to take one or two trip(s) to Maryland to view the subject wire. On the contrary, it would be very inconvenient to take multiple trips to Maryland to litigate this matter. Based the above, transfer is not warranted and the matter should remain in the Eastern District of Pennsylvania.

11.    Denied. Plaintiff hereby incorporates paragraphs 7-10 of its response to Defendant's Motion to Transfer. By way of further answer, As set forth below and in Plaintiff's accompanying Memorandum of Law, the United States District Court for the Eastern District of Pennsylvania is the more appropriate forum. "In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and whether the balance of convenience clearly weighs in favor of transfer." National Paintball Supply, Inc. v. Cossios, 996 F.Supp. 459, 463 (E.D. P.a. 1998); see also Watt v. Consolidated Rail Corp., 1997 WL 288607 (E.D. P.a. 1997). Further, motions to transfer venue, "are not to be liberally granted as the plaintiff's choice of venue is not to be lightly disturbed." National Paintable Supply, Inc. v. Cossios, 996 F. Supp. at 462; see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 101 L.Ed.2d (1988).

Further, "Transfer is not warranted if the result is merely to shift the inconvenience from one party to the other." National Paintable Supply, Inc. v. Cossios, 996 F. Supp. at 463 ; see also, Vipond v. Consolidated Rail Corp., 1994 WL 534804 9(E.D. Pa. 1994).

12. Denied as a conclusion of law.

13. Denied. As explicitly set forth above and in Plaintiff's accompanying Memorandum of Law, the United States District Court for the Eastern District of Pennsylvania is the more appropriate forum. Transfer is not warranted.

WHEREFORE, plaintiff, National Railroad Passenger Corporation, t/a Amtrak hereby respectfully requests that this court deny defendant, Asplundh Tree Expert Company's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and allow this action will remain in the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

HOHN & SCHEUERLE

By: _____
RICHARD K. HOHN, ESQUIRE
Attorney for Plaintiff,
National Railroad Passenger Corp.,
t/a, d/b/a Amtrak
Identification No.: 32528
Eleven Penn Center, Suite 2901
1835 Market Street
Philadelphia, PA 19103
(215) 496-9995

DATE:_____

File #9501-8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NATIONAL RAILROAD** : | **CIVIL ACTION** |
| **PASSENGER CORPORATION, t/a Amtrak** : | |
| **60 Massachusetts Avenue, N.E.** : | |
| **Washington, D.C. 20002** : | |
| : | **No.** 02-3034 |
| **v.** : | |
| : | |
| **ASPLUNDH TREE EXPERT COMPANY** : | |
| **708 Blair Mill Road** : | |
| **Willow Grove, PA 19090** : | **JURY TRIAL DEMANDED** |

**PLAINTIFF, NATIONAL RAILROAD PASSENGER CORPORATION, t/a AMTRAK'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANT, ASPLUNDH TREE EXPERT COMPANY'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

**I.    INTRODUCTION**

Plaintiff, National Railroad Passenger Corporation (hereinafter referred to as "Amtrak") by and through counsel Hohn & Scheuerle, responds to Defendant, Asplundh Tree Expert Company's (hereinafter referred to as "Asplundh") Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and requests that this Honorable Court deny defendant's motion and allow this action to remain in the United States District Court for the Eastern District of Pennsylvania and in support thereof states the following:

Venue is proper in the Eastern District of Pennsylvania. In determining the convenience, this Honorable Court should consider the following: (1) Both parties conduct business in Pennsylvania. (2) Plaintiff, Amtrak is located at 30th Street Station in Philadelphia, Pennsylvania. (3) Amtrak's regional headquarters is located in Philadelphia and is responsible for overseeing claims management and claims services for the region. The State of Maryland falls within the agency of Amtrak's Philadelphia regional headquarters. (4) Defendant, Asplundh is a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and maintaining its principle place of business at 708 Blair Mill Road, Willow Grove, Pennsylvania. (5) Although, Defendant may conduct business

in the State of Maryland, Pennsylvania is Defendant's home as confirmed by Defendant's acceptance of service in Pennsylvania. See copy of Return of Service attached hereto as Exhibit "A." Based on the above, transfer is not warranted.

## II. PROCEDURAL HISTORY AND FACTS

On May 22, 2002, Plaintiff, Amtrak filed this civil action in the United States District Court for the Eastern District of Pennsylvania against defendant Asplundh Tree Expert Company, a Pennsylvania Corporation. The complaint arises out of a June 7, 2001 occurrence in which defendant Asplundh was performing work on power lines owned by a municipal power company in an area south of Bowie, Maryland. As a direct result of the negligence, defendant caused a power line to fall across the catenary electrical supply lines of the plaintiff which caused a short circuit resulting in property damage and service disruption. The total revenue loss due to the negligence of the defendant total $94,120.14.

On June 19, 2002, a Stipulation for extension of time for Defendant to file an Answer was filed with this Court. On June 28, 2002, Defendant filed its Answer with the Court. On September 11, 2002, Defendant filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Plaintiff responds and requests that this Honorable Court deny defendant's motion and allow this action to remain in the United States District Court for the Eastern District of Pennsylvania.

## III. LEGAL ARGUMENT

Pursuant to 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division." Motions for transfer of venue are not liberally granted, "as the plaintiff's choice of venue is not to be lightly disturbed." National Paintball Supply, Inc. v. Cossios, 996 F.Supp. 459, 462 (E.D. P.a. 1998).; see also Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 2244 101 L.Ed.2d (1988). The moving party has the burden of establishing the need for transfer. National Paintball Supply, Inc., 996 F. Supp. at 462. Defendant Asplundh, a Pennsylvania Corporation has not met its burden and fails to establish why in the interest of justice it is more convenient for parties located in Pennsylvania to transfer this matter to the United States District Court for the District of Maryland.

**Plaintiff's Choice of Venue**

Plaintiff's choice of forum is entitled to great weight, provided there is a connection to the events giving rise to the cause of action. See. <u>In re Eastern District Repetitive Stress Injury Litigation</u>, 850 F. Supp. 188, 194 (E.D. N.Y. 1994). Under our facts, there is a strong relationship between Pennsylvania and Plaintiff's cause of action. Plaintiff, Amtrak is located at 30th Street Station in Philadelphia. Philadelphia is Amtrak's regional headquarters and is responsible for overseeing claims management and claims services. The State of Maryland falls within the agency of Amtrak's Philadelphia regional headquarters. As such, Amtrak's Philadelphia headquarters governs the region where the accident occurred for claim management purposes.

Based on the above, Plaintiff's choice of forum is entitled to deference. In its Motion, Defendant erroneously asserts little deference should be afforded to Amtrak's choice of forum. However, the cases relied upon by Defendant are easily distinguishable. In <u>In Versol v. Hunter Douglas, Inc.</u>, 806 F. Supp. 582, 592 (E.D. Va. 1992), plaintiff's choice of forum was entitled to less weight because plaintiff's forum was neither plaintiff's nor defendant's home forum. In contrast, under our facts, Pennsylvania is defendant, Asplundh's home forum. Therefore, Amtrak's choice of forum is entitled to deference.

<u>In re Eastern District Repetitive Stress Injury Litigation</u>, 850 F. Supp. 188, 194 (E.D. N.Y. 1994) little deference was shown to plaintiffs' choice of forum where events giving rise to 75 product liability claims occurred outside district and primary goal in suing in district was apparently to effect de facto multi district consolidation. <u>Id</u>. In contrast, Amtrak's choice of forum is grounded on the principle that both parties conduct business in Pennsylvania, Philadelphia is Plaintiff's regional headquarters and Pennsylvania is Defendant's home, and it would be more convenient if this case remained in the Eastern District of Pennsylvania Lastly, in <u>In re Consolidated Parlodel Litigation</u>, 22 F. Supp.2d 320 (D.N.J. 1998), the court granted transfer of venue for 14 products liability claims brought against a pharmaceutical company to each Plaintiff's home district after considering the inability of the forum district to compel live testimony of certain witnesses. <u>Id.</u> at 324. However, the court weighed the factor that defendant's corporation was located in the forum state in favor of plaintiff. <u>Id</u>. Therefore, in determining whether to transfer venue, deference should be given to Plaintiff's chosen forum.

**Transfer Is Improper**

The determination of whether to transfer a case is one within the sound discretion of the Court. Solomon v. Continental American Life Ins., 427 F.2d 1043 (3rd Cir. 1973). "In deciding a motion to transfer, the court must first determine whether the alternative forum is a proper venue and whether the balance of convenience clearly weighs in favor of transfer." National Paintball Supply, Inc. v. Cossios, 996 F.Supp. 459, 463 (E.D. P.a. 1998); see also Watt v. Consolidated Rail Corp., 1997 WL 288607 (E.D. P.a. 1997). Venue may be proper in the United States District Court for the District of Maryland, however based on our facts, the balance of convenience weighs in favor of retaining this action in the Eastern District of Pennsylvania.

In determining whether to transfer venue, courts have looked to certain factors set forth by the United States Supreme Court balancing the private interest of the parties and the public interest in the fair and efficient administration of justice. See. Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), *superseded by statute on other grounds as stated in* Gazis v. John S. Latsis, Inc. 729 F.Supp. 979 (S.D.N.Y. 1990). Factors to be considered in determining whether to transfer include private interests, such as (1) plaintiff's choice of forum; (2) the relative ease of access to sources of proof; (3) the availability and cost of compulsory process for unwilling witnesses; (4) obstacles to a fair trial; (5) the possibility of viewing the premises, if appropriate to the matter; and (6) all other factors relating to the expeditious and efficient administration of the dispute. Id. at 508-509. The public interest factors include: (1) the relative backlog and other administrative difficulties in the two jurisdictions; (2) the fairness of placing the burdens of jury duty on the citizens of the state with the greater interest in the dispute; (3) the local interest in adjudicating localized disputes; and (4) the appropriateness of having the jurisdiction whose law will govern adjudicate the dispute in order to avoid difficult conflicts of law problems. Id.

**Private Interests Favor Denying Defendant's Motion to Transfer Venue**

Applying the criteria set forth in Gulf Oil, the convenience of the parties and witnesses and the interest of justice will be better served if this matter is not transferred. Plaintiff, Amtrak is located at 30th Street Station in Philadelphia, Pennsylvania. Philadelphia is Amtrak's regional headquarters and is responsible for overseeing the Maryland region where the accident occurred for claim management purposes.

Defendant, Asplundh is also a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania and maintaining its principle place of business at 708 Blair Mill Road, Willow Grove, Pennsylvania. Although, Defendant may conduct business in the State of Maryland, the Commonwealth of Pennsylvania is Defendant's home. In fact, Defendant accepted service in Pennsylvania. See Exhibit "A." Defendant argues this matter should be transferred because some of its employees reside in Maryland. However, it would be no more difficult for defendant, Asplundh to produce some of it employees in Philadelphia than it would be for Plaintiff, Amtrak to produce numerous witnesses in Maryland. See also. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3rd Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct.871, 27 L.Ed. 2d 808 (1971).

Defendant also alleges the matter should be transferred because the wire at issue is located in Maryland. This argument is weak. It would not be inconvenient for the parties to take one or two trip(s) to Maryland to view the subject wire. On the contrary, it would be very inconvenient to take multiple trips to Maryland to litigate this matter. Based on the above, transfer is not warranted given that it would be more expedite and efficient to retain the matter in the United States District Court for the Eastern District of Pennsylvania.

**Public Interests Favor Denying Defendant's Motion to Transfer Venue**

Defendants have failed to offer any evidence that transferring this matter to United States District Court for the District of Maryland serves the public interest factors. Defendant has offered no specific evidence regarding the relation of the Maryland community from which a jury would be selected or evidence regarding the choice of law analysis. Therefore, Defendant has failed to meet its burden of showing the necessity of transferring his matter away from Plaintiff's chosen forum.

**IV.     CONCLUSION**

Defendant has not met its burden that transferring this matter serves convenience of the parties and the interest of justice. Defendant's argument that it is more convenient for a Pennsylvania Corporation to litigate a case in the State of Maryland, rather than its own home state is far-fetched. Based on the above, the convenience of the parties would be best served by proceeding with this case in the Eastern District of Pennsylvania.

WHEREFORE, plaintiff, Amtrak hereby respectfully requests that this court deny defendant, Asplundh Tree Expert Company's Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) and allow this action to remain in the United States District Court for the Eastern District of Pennsylvania.

          Respectfully submitted,

          HOHN & SCHEUERLE

          By: _____
            RICHARD K. HOHN, ESQUIRE
            Attorney for Plaintiff,
            National Railroad Passenger Corp.,
            t/a, d/b/a Amtrak
            Identification No.: 32528
            Eleven Penn Center, Suite 2901
            1835 Market Street
            Philadelphia, PA 19103
DATE:_____   (215) 496-9995

File #9501-8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATIONAL RAILROAD** | : | **CIVIL ACTION** |
| **PASSENGER CORPORATION, t/a Amtrak** | : | |
| **60 Massachusetts Avenue, N.E.** | : | |
| **Washington, D.C. 20002** | : | |
| | : | No. 02-3034 |
| v. | : | |
| | : | |
| **ASPLUNDH TREE EXPERT COMPANY** | : | |
| **708 Blair Mill Road** | : | |
| **Willow Grove, PA 19090** | : | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Richard K. Hohn, Esquire , certify that a true and correct copy of Plaintiff, National Railroad Passenger Corp., t/a Amtrak's Reply to Defendant's Motion to Transfer was sent to counsel named below by United States Mail, postage prepaid.

Stephen E. Moore, Esquire
Penn Mutual Tower
510 Walnut Street
Philadelphia, PA 19106

                            HOHN & SCHEUERLE


                        BY:_____
                             RICHARD K. HOHN, ESQUIRE
                             Attorney for Plaintiff, National Railroad
                             Passenger Corp., t/a Amtrak

DATED: _____